# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., <br> CAPITOL RECORDS, LLC, <br> UNIVERSAL MUSIC CORP., <br> POLYGRAM PUBLISHING, INC, <br> SONGS OF UNIVERSAL, INC., <br> UNIVERSAL MUSIC – MGB NA LLC, <br> and UNIVERSAL MUSIC – Z TUNES LLC, <br><br> Plaintiffs, <br><br> v. <br><br> BRINKER INTERNATIONAL, INC., <br> BRINKER INTERNATIONAL PAYROLL COMPANY, L.P., <br> and DOES 1 THROUGH 10, <br><br> Defendants. | Civil No. 3:24-cv-2535 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs UMG Recordings, Inc.; Capitol Records, Inc.; Universal Music Corp.; PolyGram Publishing, Inc.; Songs of Universal, Inc., Universal Music – MGB NA LLC; and Universal Music – Z Tunes LLC (collectively, "Plaintiffs") file this Complaint against defendants Brinker International, Inc. ("Brinker"), Brinker International Payroll Company, L.P. ("Brinker Payroll"), and Does 1 through 10 (Brinker, Brinker Payroll and Does 1 through 10 are referred to as collectively, "Defendants").

## NATURE OF SUIT

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.*, including violations of exclusive rights in sound recordings fixed before February 15, 1972, under 17 U.S.C. § 1401.

1

## PARTIES

2.  Plaintiff UMG Recordings, Inc. ("UMG Recordings") is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the County of Los Angeles, California.

3.  Plaintiff Capitol Records, LLC ("Capitol") is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in the County of Los Angeles, California.

4.  Plaintiffs UMG Recordings and Capitol collectively are referred to herein as the "Record Company Plaintiffs." The Record Company Plaintiffs are engaged in the business of producing sound recordings and distributing, selling, and/or licensing the reproduction, distribution, sale, preparation of derivative works based upon, and performance of their sound recordings in phonorecords (as defined in 17 U.S.C. § 101 *et seq.*), in audiovisual works, and for streaming (i.e., performing) and downloading over the Internet and through other mediums. The Record Company Plaintiffs invest substantial money, time, effort, and creative talent in discovering and developing recording artists, and in creating, advertising, promoting, selling, and licensing sound recordings embodying the performances of their exclusive recording artists and their unique and valuable sound recordings.

5.  The Record Company Plaintiffs own copyrights and/or exclusive rights in and to many of the most popular sound recordings in the world, including those sound recordings identified on **Exhibit 1** to this Complaint (the "Recordings"). The Record Company Plaintiffs own copyrights in the Recordings and possess certificates of copyright registration in the Recordings; or have the rights to pursue this claim for works originating outside of the United States under the Berne Convention. As the owner or exclusive licensee of copyrights in the Recordings, The Record Company Plaintiffs possess the exclusive rights to, among other things,

reproduce the Recordings in copies or phonorecords, to prepare derivative works based upon the Recordings, to distribute copies or phonorecords of the Recordings to the public, to perform the Recordings publicly by means of a digital audio transmission and to license these exclusive rights, including over the Internet.

6. Plaintiff Universal Music Corp. ("Universal Music") is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the County of Los Angeles, California.

7. Plaintiff PolyGram Publishing, Inc. ("PolyGram") is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the County of Los Angeles, California.

8. Plaintiff Songs of Universal, Inc. ("Songs of Universal") is a corporation duly organized and existing under the laws of the State of California, with its principal place of business in the County of Los Angeles, California.

9. Plaintiff Universal Music – MGB NA LLC ("MGB NA") is a limited liability company duly organized and existing under the laws of the State of California, with its principal place of business in the County of Los Angeles, California.

10. Plaintiff Universal Music – Z Tunes LLC ("Z Tunes") is a limited liability company duly organized and existing under the laws of the State of New York, with its principal place of business in the County of Los Angeles, California.

11. Plaintiffs Universal Music, PolyGram, Songs of Universal, MGB NA, and Z Tunes collectively are referred to herein as the "Music Publisher Plaintiffs." The Music Publisher Plaintiffs own or administer, in whole or in part, copyrights and/or exclusive rights in and to thousands of musical compositions, including by way of example those compositions identified

on **Exhibit 1** to this Complaint (the "Musical Compositions"). The Music Publisher Plaintiffs possess certificates of copyright registration in the Musical Compositions; and for works originating outside of the United States, have the rights to pursue this claim under the Berne Convention. As the owners or administrators of copyrights (in whole or in part) in these Musical Compositions, the Music Publisher Plaintiffs possess the exclusive rights to, among other things, reproduce the Musical Compositions in copies or phonorecords, to prepare derivative works based upon the Musical Compositions, to distribute copies or phonorecords of the Musical Compositions to the public, and to perform the Musical Compositions.

12. Defendant Brinker International, Inc. ("Brinker") is a Delaware corporation with its headquarters and principal place of business located at 3000 Olympus Blvd., Dallas, Texas 75019. Brinker can be served with process through its registered agent in the State of Texas, Prentice Hall Corporation System, 211 E. 7th Steet, Suite 620, Austin, Texas 78701-3218. Upon information and belief, Brinker may also be served with process through Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Steet, Suite 620, Austin, Texas 78701-3218.

13. Defendant Brinker International Payroll Company, L.P. ("Brinker Payroll") is a Delaware limited partnership with its headquarters and principal address located at 6820 Lyndon B. Johnson Freeway, Dallas, Texas 75240. Brinker Payroll can be served with process through its registered agent in the State of Texas, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Steet, Suite 620, Austin, Texas 78701-3218.

14. Upon information and belief, Defendants Does 1 through 10 (i) own, operate, or are employees of Defendants Brinker and/or Brinker Payroll, (ii) are agents, directly or indirectly,

of Defendants Brinker and/or Brinker Payroll, and/or (iii) are otherwise responsible for and proximately caused, and are causing, the harm and damages alleged in this Complaint. Upon information and belief, Does 1 through 10 committed acts giving rise to Plaintiffs' claims for infringement within this District, including by reproducing, distributing, preparing derivative works based upon, and publicly performing Plaintiffs' copyrighted works within the State of Texas. Plaintiffs are presently unaware of the true names and/or the specific involvement of the Defendants sued herein by the fictitious designations Does 1 through 10, and for that reason sue them by those designations. Plaintiffs will seek leave to amend this pleading to identify those Defendants when their true names and involvement in the infringements and other wrongful conduct hereinafter described are known.

## JURISDICTION AND VENUE

15.     This action arises under the Copyright Act, 17 U.S.C. § 101 *et seq*. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

16.     This Court has personal jurisdiction over Defendant Brinker because Defendant Brinker has engaged in continuous, systematic, and substantial activities within this State, including substantial marketing of products and services within this State and this District. Indeed, Defendant Brinker's headquarters and principal address are within this District. Furthermore, upon information and belief, this Court has personal jurisdiction over Defendant Brinker because Defendant Brinker has committed acts giving rise to Plaintiffs' claims for infringement within this District, including by reproducing, distributing, preparing derivative works based upon, and publicly performing Plaintiffs' copyrighted works within the State of Texas. Defendant Brinker's conduct causes injury to, and is directed at, Plaintiffs and their intellectual property in the State of Texas.

17. This Court has personal jurisdiction over Defendant Brinker Payroll because Defendant Brinker Payroll has engaged in continuous, systematic, and substantial activities within this State, including substantial marketing of products and services within this State and this District. Indeed, Defendant Brinker Payroll's headquarters and principal address are within this District. Furthermore, upon information and belief, this Court has personal jurisdiction over Defendant Brinker Payroll because Defendant Brinker Payroll has committed acts giving rise to Plaintiffs' claims for infringement within this District, including by reproducing, distributing, preparing derivative works based upon, and publicly performing Plaintiffs' copyrighted works within the State of Texas. Defendant Brinker Payroll's conduct causes injury to, and is directed at, Plaintiffs and their intellectual property in the State of Texas.

18. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because Defendants reside in this District and a substantial part of the events giving rise to Plaintiffs' copyright claims occurred in this District.

## FACTS APPLICABLE TO ALL CLAIMS

19. Plaintiffs are among the world's leading record labels and music publishers. Plaintiffs' catalogs of copyrighted musical works are extremely valuable and encompass works composed or performed by an array of world-renowned songwriters and artists, including Ariana Grande, Justin Bieber, Mariah Carey, Shania Twain and The Weeknd.

20. Upon information and belief, Defendant Brinker is an international casual dining restaurant company and the home of Chili's® Grill & Bar ("Chili's"), and Defendant Brinker Payroll is the operating company and intellectual property registrant behind the Chili's restaurant franchise. Founded by Norman Brinker in Dallas, Texas, Defendants own, operate or franchise more than 1,600 Chili's restaurants in 29 countries. Upon information and belief, Defendants own

and operate as corporate stores all or the significant majority of the Chili's restaurants located in the State of Texas, including the Northern District of Texas.

21. While Defendants still advertise the Chili's restaurant goods and services using traditional marketing (e.g., print advertisements and television commercials), they also are active in social media marketing to spread word of the Chili's restaurant goods and services to the general public. Upon information and belief, Defendants create and post videos showing use of the Chili's restaurant goods and services on social media platforms, including YouTube, TikTok, Instagram, and Facebook.

22. Defendants actively market their Chili's restaurant franchise and their products and services using their official social media accounts on YouTube, TikTok, Instagram, and Facebook, which are wildly popular platforms for making and sharing short-form videos often set to music. Defendants' YouTube, TikTok, Instagram, and Facebook accounts are collectively referred to as the "Social Media Accounts." Upon information and belief, Defendants own and operate these Social Media Accounts, which are directed at and accessible throughout the United States and in the State of Texas.

23. In order to draw the attention of consumers in the fast-moving world of social media, Defendants chose to rely on the use of popular music as an integral part of their Chili's messaging. But despite this success, Defendants have failed to pay Plaintiffs for the music that serves as the soundtrack for Chili's social media ads posted on their Social Media Accounts.

24. Defendants are well aware of Plaintiffs and their music catalogs and have obtained licenses for certain musical works, including as recently as 2023. Despite this history and knowledge, however, Defendants used scores of Plaintiffs' works without permission or payment.

7

25.   This Complaint identifies dozens of musical works used by Defendants.[1] **Exhibit 1** to this Complaint identifies by URL the many videos that used a musical work of a Plaintiff (each, an "Infringing Work"), as well as the title of each such musical work or works incorporated in each video, and the number of the copyright registration applicable to such musical work and which works are not a United States work, as that phrase is defined in the Copyright Act, or are sound recordings fixed before February 15, 1972.

26.   Defendants did not seek a license from Plaintiffs to use the musical works contained in the vast majority of the Infringing Works at issue.  Defendants did obtain a license from a relevant Plaintiff to use musical works in a few videos at issue, but they have exploited the works beyond the bounds of the applicable licenses.

27.   Licensing the use of musical compositions and sound recordings—including for use in internet-based media—is a substantial revenue driver for all music companies, including Plaintiffs.  Music companies regularly license their content for use in commercials, films, video games, and other audiovisual works, including advertisements that are distributed and publicly performed on company websites and on social media.  This type of licensing activity is an important source of revenue for Plaintiffs and their artists and songwriters who receive royalties when they permit their recordings and compositions to be licensed for use in such videos, and an important portion of Plaintiffs' return on their investment in recorded music, which they share with their exclusive recording artists, comes from licensing recordings and music videos to others who use Plaintiffs' works in videos, television shows, commercials, and on social media, just as Defendants have done in the Infringing Works.

---

[1] There may be additional unlicensed uses of Plaintiffs' musical works.

28. Upon information and belief, Defendants' infringement is willful. Defendants include successful companies promoting multiple restaurant franchises with their own legal departments and protecting their own intellectual property interests. They knew, or at least reasonably should have known, that they were required to obtain licenses to exploit Defendants' well known and commercial musical works. Upon information and belief, Defendants have, or at the relevant times had, no effective procedures for ensuring that the social media content posted for their Chili's commercial restaurant businesses does not violate others' copyrights. Despite Defendants' prior history of licensing music from Plaintiffs for use in commercials, Defendants did not seek to determine which of the videos at issue in this Complaint used Plaintiffs' musical works with authorization prior to publication.

29. By incorporating Plaintiffs' copyrighted works into the Infringing Works, and then making those Infringing Works available to the public without license or authorization from Plaintiffs, Defendants are infringing Plaintiffs' exclusive rights to reproduce, prepare derivative works based upon, distribute, and publicly perform the Sound Recordings and Musical Compositions. These infringements include, but are not limited to: (a) copying and adapting Plaintiffs' copyrighted works to create new, unauthorized derivative works (i.e., the Infringing Works); (b) uploading the Infringing Works to Defendants' own computer servers and the computer servers of third-party hosting services; and (c) transmitting the Infringing Works to consumers via the Social Media Accounts.

30. Discovery is likely to reveal that Defendants have unlawfully exploited other sound recordings and musical compositions owned and/or controlled by Plaintiffs, in whole or in part, on the Social Media Accounts, as well as on other social media platforms. Plaintiffs expressly reserve the right to amend this Complaint, as necessary and appropriate, to assert additional claims for

infringement of Plaintiffs' copyrighted works as they uncover such infringement during the course of discovery.

## COUNT I
### COPYRIGHT INFRINGEMENT
(Sound Recordings)

31. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32. By the acts set forth above, Defendants have infringed the Plaintiffs' copyrights in the Recordings, including by reproducing, distributing, preparing derivative works of, adapting, publicly displaying, and digitally publicly performing the Recordings without authorization, in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

33. Each such infringement by Defendants of the Recordings constitutes a separate and distinct act of infringement.

34. Defendants' acts of infringement are willful, in disregard of and with indifference to the rights of Plaintiffs.

35. As a direct and proximate result of the infringements by Defendants, Plaintiffs are entitled to damages and to Defendants' profits in amounts to be proven at trial, which are not currently ascertainable. Alternatively, Plaintiffs are entitled to statutory damages for each copyright infringed, or in such other amount as may be proper under 17 U.S.C. § 504(c).

36. Plaintiffs further are entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

37. As a result of Defendants' conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiffs are informed and believe, and on that basis aver, that unless enjoined and restrained by this Court, will continue to infringe Plaintiffs' rights in the Recordings. Pursuant to 17 U.S.C.

§ 502, Plaintiffs are entitled to permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## COUNT II
### COPYRIGHT INFRINGEMENT
(Musical Compositions)

38. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39. By the acts set forth above, Defendants have infringed Plaintiffs' copyrights in the Musical Compositions by reproducing, adapting, preparing derivative works of, distributing, publicly displaying and publicly performing the Musical Compositions without authorization, in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

40. Each such infringement by Defendants of the Musical Compositions constitutes a separate and distinct act of infringement.

41. Defendants' acts of infringement are willful, in disregard of and with indifference to the rights of Plaintiffs.

42. As a direct and proximate result of the infringements by Defendants, Plaintiffs are entitled to damages and to Defendants' profits in amounts to be proven at trial, which are not currently ascertainable. Alternatively, Plaintiffs are entitled to statutory damages for each copyright infringed, or in such other amount as may be proper under 17 U.S.C. § 504(c).

43. Plaintiffs further are entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

44. As a result of Defendants' conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiffs are informed and believe, and on that basis aver, that unless enjoined and restrained by this Court, will continue to infringe Plaintiffs' rights in the Musical Compositions. Pursuant to

17 U.S.C. § 502, Plaintiffs are entitled to permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## COUNT III
### CONTRIBUTORY INFRINGEMENT

45. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 44 of this Complaint as if fully set forth herein.

46. Defendants Brinker and Brinker Payroll are liable as contributory copyright infringers based upon the acts of at least some of Defendants Does 1 through 10 to the extent Does 1 through 10 act in their capacity as employees and/or contractors to create and publish the Infringing Works via the Social Media Accounts. Defendants Brinker and Brinker Payroll engaged at least some of Defendants Does 1 through 10 to create and publish marketing materials used for the promotion of their Chili's restaurant franchise, including the Infringing Works, via the Social Media Accounts. By engaging and authorizing at least some of Defendants Does 1 through 10 to promote and/or by cause the Infringing Works to be copied, made available, and transmitted over the social media platforms hosting and promoting the Social Media Accounts, Defendants Brinker and Brinker Payroll materially contribute to the infringing reproduction, preparation of derivative works from, distribution, and/or public performance of the Recordings and the Musical Compositions contained in the Infringing Works. Defendants Brinker and Brinker Payroll have actual and constructive knowledge of such infringement, including actual or constructive knowledge, and that neither Plaintiffs nor any entity affiliated with Plaintiffs have granted the rights to include the Recordings and the Musical Compositions in the Infringing Works. Alternatively, Defendants Brinker and Brinker Payroll should have had reason to believe that such infringements were taking place by the lack of licenses obtained from Plaintiffs for the Recordings and Musical Compositions used in the Infringing Works prior to publication.

47. Defendants also are liable as contributory copyright infringers by making the Infringing Works available to the users and subscribers of the social media platforms hosting and promoting the Social Media Accounts.  By promoting and/or by causing the Infringing Works to be copied, made available, and transmitted over the social media platforms hosting and promoting the Social Media Accounts, Defendants materially contribute to the infringing reproduction, preparation of derivative works from, distribution, and/or public performance of the Recordings and the Musical Compositions contained in the Infringing Works, including but not limited to the works listed in **Exhibit 1** to this Complaint, by other users and subscribers of such social media platforms.  Defendants have actual and constructive knowledge of such infringement, including actual or constructive knowledge that Plaintiffs and no entity affiliated with Plaintiffs have granted the rights to include the Recordings and the Musical Compositions in the Infringing Works.

48. Each such contributory infringement by Defendants of the Recordings and the Musical Compositions constitutes a separate and distinct act of infringement.

49. Defendants' acts of contributory infringement are willful, in disregard of and with indifference to the rights of Plaintiffs.

50. As a direct and proximate result of the contributory infringements by Defendants, Plaintiffs are entitled to damages and to Defendants' profits in amounts to be proven at trial, which are not currently ascertainable.  Alternatively, Plaintiffs are entitled to statutory damages for each copyright infringed, or in such other amount as may be proper under 17 U.S.C. § 504(c).

51. Plaintiffs further are entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

52. As a result of Defendants' conduct of contributory infringement, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury, for which

there is no adequate remedy at law. Plaintiffs are informed and believe, and on that basis aver, that unless enjoined and restrained by this Court, will continue to infringe Plaintiffs' rights in the Recordings and the Musical Compositions. Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## COUNT IV
### VICARIOUS INFRINGEMENT

53. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 52 of this Complaint as if fully set forth herein.

54. Defendants Brinker and Brinker Payroll are liable as vicarious copyright infringers based upon the acts of at least some of Does 1 through 10 acting in their capacity as employees and/or contractors to create and publish the Infringing Works via the Social Media Accounts. Defendants Brinker and Brinker Payroll, as their employer, had the authority to control the actions of at least some of Defendants Does 1 through 10 in the creation and publication of their marketing materials used for the promotion of their Chili's restaurant franchise, including the Infringing Works, via the Social Media Accounts. Defendants Brinker and Brinker Payroll have and have exercised the right, ability, and authority to control and supervise the placement of the Infringing Works on the social media platforms hosting and promoting the Social Media Accounts by at least some of Defendants Does 1 through 10.

55. Defendants also are liable as vicarious copyright infringers by making the Infringing Works available to the users and subscribers of the social media platforms hosting and promoting the Social Media Accounts. Defendants have and have exercised the right, ability, and authority to control and supervise the placement of the Infringing Works on the social media platforms hosting and promoting the Social Media Accounts. Defendants also have the ability to remove Infringing Works from each such platform.

56. Defendants receive a direct financial benefit from the infringing reproduction, preparation of derivative works from, distribution, and/or public performance of the Recordings and the Musical Compositions contained in the Infringing Works, including but not limited to the works listed in **Exhibit 1** to this Complaint, including (among other financial benefits) increased brand recognition and product sales.

57. Each such vicarious infringement by Defendants of the Recordings and the Musical Compositions constitutes a separate and distinct act of infringement.

58. Defendants' acts of vicarious infringement are willful, in disregard of and with indifference to the rights of Plaintiffs.

59. As a direct and proximate result of the vicarious infringements by Defendants, Plaintiffs are entitled to damages and to Defendants' profits in amounts to be proven at trial, which are not currently ascertainable. Alternatively, Plaintiffs are entitled to statutory damages for each copyright infringed, or in such other amount as may be proper under 17 U.S.C. § 504(c).

60. Plaintiffs further are entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

61. As a result of Defendants' conduct of vicarious infringement, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiffs are informed and believe, and on that basis aver, that unless enjoined and restrained by this Court, will continue to infringe Plaintiffs' rights in the Recordings and the Musical Compositions. Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter a judgment in their favor and against Defendants:

1. for a permanent injunction enjoining and restraining Defendants and their respective agents, servants, directors, officers, principals, employees, representatives, subsidiaries and affiliated companies, successors, assigns, and those acting in concert with them or at their direction from directly or indirectly infringing in any manner any right in any and all copyrighted works (or portions thereof), whether now in existence or later created, in which any Plaintiff (including its parents, subsidiaries, affiliates, or distributed labels) owns or controls an exclusive right under Section 106 of the United States Copyright Act (17 U.S.C. § 106) or state law, including without limitation by directly or indirectly copying, reproducing, downloading, distributing, communicating to the public, uploading, linking to, transmitting, publicly performing, or otherwise exploiting in any manner any of Plaintiffs' Recordings or Musical Compositions, including but not limited to those works set forth in **Exhibit 1** to the Complaint;

2. for Plaintiffs' actual damages and Defendants' profits from infringement, pursuant to 17 U.S.C. § 504(b), in amounts to be proven at trial, or, in the alternative, at Plaintiffs' election pursuant to 17 U.S.C. § 504(c), for statutory damages up to the maximum amount of $150,000 per infringed work, or such other amounts as may be proper under 17 U.S.C. § 504(c);

3. for Plaintiffs' costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505 and otherwise;

4. for pre-judgment interest and post-judgement interest according to law; and

5. for such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiffs respectfully demand a trial by jury on all claims and issues so triable pursuant to Federal Rule of Civil Procedure 38.

Dated: October 8, 2024

Respectfully submitted,

*/s/ Michael D. Karson*
Cathryn A. Berryman
    State Bar No. 02252990
Michael D. Karson
    State Bar No. 24090198
WINSTEAD PC
2728 N. Harwood Street
Suite 500
Dallas, Texas 75201
Tel.: 214.745.5400
Fax: 214.745.5390
Email: cberryman@winstead.com
       mkarson@winstead.com

*Attorneys for Plaintiffs*
*UMG Recordings, Inc.; Capitol Records, Inc.;*
*Universal Music Corp.; PolyGram*
*Publishing, Inc.; Songs of Universal, Inc.,*
*Universal Music – MGB NA LLC; and*
*Universal Music – Z Tunes LLC*